

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-87,960-02

### EX PARTE JESSIE O'NEAL DAWKINS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. W15-75397-L(B) IN THE CRIMINAL DISTRICT COURT NO. 5
### FROM DALLAS COUNTY

***Per curiam.***

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was originally charged with assault with family violence by impeding breathing or circulation, with a prior conviction for assault with family violence. The jury convicted Applicant of the lesser-included offense of assault with family violence with a previous conviction for assault with family violence. Applicant elected to have punishment decided by the trial court, which sentenced him to twenty-five years' imprisonment. The Fifth Court of Appeals affirmed his conviction but modified the judgment to correct various errors in the offense of conviction, degree of offense, and pleas and findings on the enhancements.

*Dawkins v. State*, No. 05-16-00101-CR (Tex. App. — Dallas, Aug. 3, 2017) (not designated for publication).

Applicant contends, among other things,[1] that his trial counsel rendered ineffective assistance because trial counsel failed to challenge the credibility of the State's witnesses, failed to impeach the complainant with prior inconsistent statements, failed to object to the introduction of a written statement on the basis of hearsay, failed to make a *Batson* objection, failed to object when the trial court did not arraign Applicant on enhancement allegations that were not included in the indictment or object to their use to increase his punishment, and failed to object when the jury was given an incorrect definition of "reasonable doubt."

Applicant has alleged facts that, if true, might entitle him to relief. *Strickland v. Washington*, 466 U.S. 668 (1984); *Ex parte Patterson*, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999). In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact. The trial court shall order trial counsel to respond to Applicant's claims of ineffective assistance of counsel. The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d). In the appropriate case, the trial court may rely on its personal recollection. *Id*.

If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant at the hearing. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make findings of fact and conclusions of law as to whether the performance of Applicant's trial counsel was deficient and, if so, whether counsel's deficient

---

[1]This Court has reviewed Applicant's other claims and finds them to be without merit.

performance prejudiced Applicant. The trial court shall also make any other findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

Filed: June 5, 2019
Do not publish